UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY BOURGEOIS,<br><br>        Plaintiff,<br><br>   v.<br><br>PENTEC HEALTH, INC.,<br><br>        Defendant. | Case No. 23-cv-06375-HSG (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 27 |

      This order resolves the parties' discovery dispute at dkt. 27, in connection with Plaintiff's Rule 30(b)(6) deposition notice. Plaintiff is seeking a court order, compelling Pentec to "name its corporate representatives in advance of the deposition." Dkt. 27 at 3. Defendant offers to disclose the names "if Plaintiff will agree to take the depositions of those individuals in both a corporate and individual capacity in one sitting." *Id*.

      Under Rule 30(b)(6), "[t]he named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30. Pentec does have a duty to "educate its witnesses so they are prepared to fully answer the questions posed at the deposition." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012) (quoting *Bowoto v. ChevronTexaco Corp.*, 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006)). A corporate witness, however, need not have personal knowledge of the facts. *Id*. at 486–87.

      Assuming the 30(b)(6) witness will also be deposed as a percipient fact witness, Pentec does raise a fair observation that this same witness should be deposed at one time, but that presumes the examination can be completed in one day. Plaintiff is not required to depose the corporate representative and fact witness in one day; no witness should be

required to sit for more than the total amount of time allowed under the Federal rules. The real issue appears to be what happens if the deposition cannot reasonably be completed in one day and the fair order of examination.

The Court will order the disclosure of the corporate witness 2 weeks prior to the date of the noticed deposition. This disclosure should allow Plaintiff to confirm whether or not Plaintiff also intends to depose the 30(b)(6) witnesses as fact witnesses. Counsel shall meet and confer over the order of the witnesses' testimony. Once that election has been determined, the examination of any one witness cannot go back and forth between a corporate and individual capacity. And no witness may be deposed for more than 7 hours on one day. Whatever the type of deposition has been selected, the questioning must continue until completed before the other deposition may commence. Consistent with the rule, there will be only one 30(b)(6) deposition. If appropriate, that same 30(b)(6) witness may be deposed in his individual capacity, but only after the 30(b)(6) deposition has been completed.

**IT IS SO ORDERED.**

Dated: July 9, 2024

Alex G. Tse
United States Magistrate Judge