UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY BOURGEOIS,<br><br>Plaintiff,<br><br>v.<br><br>PENTEC HEALTH, INC.,<br><br>Defendant. | Case No.  23-cv-06375-HSG<br><br>**ORDER DENYING STIPULATION TO SEAL TRIAL EXHIBITS 33-36**<br><br>Re: Dkt. No. 142 |

Pending before the Court is the Parties' stipulated request that Trial Exhibits 33, 34, 35, and 36 (the "Trial Exhibits") be sealed in their entirety to protect third-party medical information. Stipulation, Dkt. No. 142.  For the reasons set forth below, the Court **DENIES** without prejudice the Parties' stipulation, and provides the Parties with further instructions.

## I.   LEGAL STANDARD

"Trial exhibits may only be sealed for compelling reasons."  *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. C 09-3329 CW, 2014 WL 12997348, at \*1 (N.D. Cal. Jun. 17, 2014) (citing *Kamakana v. City & Cty of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).  "The party requesting the sealing order must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosures, such as the public interest in understanding the judicial process."  *Kamakana*, 447 F.3d at 1178-79 (internal citations and alterations omitted).  "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret."  *Id.* at 1179 (internal citations and alterations omitted).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting

United States District Court
Northern District of California

*Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted).

What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon*, 435 U.S. at 599).  However, "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon,* 435 U.S. at 598).  The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*  Nor will the moving party's reference to a "stipulation or protective order that allows a party to designate certain documents as confidential." Civil L.R. 79-5(c).

Civil Local Rule 79-5 supplements the "compelling reasons" standard.  The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . .  The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b).

## II. DISCUSSION

The Parties seek to seal the entirety of the Trial Exhibits, which are Plaintiff's daily planners for the years 2019, 2020, 2021, and 2022.  Stipulation at 2.  The Parties assert that sealing these exhibits entirely is necessary because the Trial Exhibits "contain sensitive, third-party medical information implicating the medical privacy of non-parties to this litigation[.]" *Id.*  They assert that while they have made "reasonable efforts to identify and redact only patient identities and directly associated medical information, the voluminous nature and legibility of some of the

handwritten notations, warrants sealing the planners in whole[.]" *Id.* The Parties further compare the Trial Exhibits to documents like "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," which are "not subject to the right of public access at all." *Id.* (citing *Kamakana*, 477 F.3d at 1178).

While the Court agrees with the Parties that protecting third-party patient identities and medical information from public disclosure constitutes a compelling reason to seal specific sensitive and personally identifiable information, the Parties have not articulated compelling reasons to seal *the entirety* of the Trial Exhibits. *See* Stipulation at 2. The Parties' request must be *narrowly tailored* to seek sealing only of sealable material[.]" Civil L.R. 79-5(b) (emphasis added). The "voluminous nature and legibility of some of the handwritten notations," Stipulation at 2, does not constitute a compelling reason sufficient to outweigh the public's interest in access to the Trial Exhibits, especially given the centrality of those exhibits in the trial proceedings. The Court assumes that the parties would prefer not to incur the expense of identifying and redacting only the third-party information meriting protection, but that is not a basis under the controlling legal standard for sealing these exhibits in toto.

## III.    CONCLUSION

The Court **DENIES** without prejudice the Parties' stipulation to seal Trial Exhibits 33, 34, 35, and 36. The Court **DIRECTS** the Parties to meet and confer, and within 28 days of the date of this order, comply with this order by provisionally filing under seal unredacted Trial Exhibits that highlight the exact personally identifiable information implicating the medical privacy of non-parties to this litigation sought to be sealed. *See* Civil L.R. 79-5(e)(2). Trial Exhibits 33, 34, 35, and 36 will remain conditionally under seal until the Court makes a final ruling on sealing after reviewing the Parties' new submission.

**IT IS SO ORDERED.**

Dated:    3/30/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

3